IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE GRIER, )<br>)<br>      Plaintiff )<br>)<br>  vs. )<br>)<br>A.J. SCARPINE, III, Pittsburgh Police )<br>Officer; W. JEFFRIES, Police Officer; )<br>M. MUSHINSKY, Pittsburgh Police Officer;)<br>CAPTAIN JOHN DOE, Pittsburgh Police )<br>Officer; CHIEF ROBERT McNEILLY, )<br>Pittsburgh Police Officer; C. GAIOROW- )<br>SKI, Pittsburgh Police Officer; R. ARTZ- )<br>BERGER, Pittsburgh Police Officer; )<br>SERGEANT STEPHEN MATAKOVICH, )<br>)<br>      Defendants ) | Civil Action No. 04-1888<br>Judge Terrence F. McVerry/<br>Magistrate Judge Amy Reynolds Hay<br><br><br><br><br><br><br><br><br><br><br><br>Re: Dkt. [42] |

**<u>MEMORANDUM ORDER</u>**

The above-captioned prisoner civil rights action was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation ("Report"), Dkt. [48], filed on February 5, 2008, recommended that the Defendants' summary judgment motion be granted. Specifically the Report recommended granting summary judgment as to all Defendants for all claims because there was no genuine issue of material fact as to whether the Defendants violated any of Plaintiff's constitutional rights or, in the alternative, there was no genuine issue of material fact as to whether the Defendants were entitled to qualified immunity.

Plaintiff has filed objections to the Report, none of which merits rejection of the Report nor extended comment. Plaintiff's first objection is that the affidavits filed by the Defendants in this case were filed in bad faith and are not entitled to be believed. <u>See</u> Dkt. [50] at 4 and at 8.

However, a non-moving party "cannot survive summary judgment simply by asserting that the factfinder might disbelieve the testimony of [the movant's] witnesses[.]" Hozier v. Midwest Fasteners, Inc., 908 F.2d 1155, 1165 (3d Cir. 1990). For "[i]t is by now axiomatic that 'a nonmoving party ... cannot defeat summary judgment simply by asserting that a jury might disbelieve an opponent's affidavit to that effect.'" Schoonejongen v. Curtiss-Wright Corp., 143 F.3d 120, 130 (3d Cir. 1998)(quoting Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir.1989)). "[I]f a moving party has demonstrated the absence of a genuine issue of material fact--meaning that no reasonable jury could find in the nonmoving party's favor based on the record as a whole--concerns regarding the credibility of witnesses cannot defeat summary judgment. Instead, the nonmoving party must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986)). See also Corrugated Paper Products, Inc. v. Longview Fibre Co., 868 F.2d 908, 914 (7th Cir. 1989) ("[T]he opposing party may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof.") (quoting Curl v. International Business Mach. Corp., 517 F.2d 212, 214 (5th Cir. 1975)); Gottlieb v. County of Orange, 84 F.3d 511, 518-19 (2d Cir. 1996) (a non-movant "cannot defeat the motion by relying on . . . mere assertions that affidavits supporting the motion are not credible").

Next Plaintiff complains that the Report appears to adopt the events as recounted by the Defendants. Dkt. [50] at 10. The Report did no such thing. The Report initially recounted the evidence that the Defendants adduced which the Report correctly concluded was sufficient to carry their initial summary judgment burden, which then shifted the burden to Plaintiff to come forward with his evidence. See Dkt. [48] at 7 ("Defendants have clearly met their initial burden

2

under summary judgment practice to show that there is no material dispute of fact concerning whether the Defendants used excessive force and whether Plaintiff was illegally seized. . . . Therefore, the summary judgment burden has shifted to Plaintiff to show that there is a material factual dispute. In an attempt to meet this burden, Plaintiff filed the following . . . ."). To the extent that Plaintiff complains that the moving Defendants failed to adduce evidence of their own injuries, sustained at the hands of Plaintiff, Dkt. [50] at 10, they were not required to do so because the fact that Defendants did or did not sustain injuries is not a material fact for purposes of the Defendants burden of establishing the non-existence of an essential element of Plaintiff's case. See Huang v. Harris County, 264 F.3d 1141 (Table), 2001 WL 822534, *9 (5th Cir. 2001)(setting forth plaintiff's burden for an excessive force claim as follows: "To succeed on an excessive-force claim under the Fourth Amendment, the plaintiff bears the burden of showing: '(1) an injury [to the plaintiff] (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable.'"). Nor is the Court persuaded by Plaintiff's implication that because there are apparent discrepancies between the injuries the Defendants alleged they suffered earlier and the injuries they are now alleging, the whole of their evidence should be thrown out. This argument is simply another permutation of Plaintiff's argument regarding the alleged lack of credibility of the Defendants' evidence.

Moreover, contrary to Plaintiff's objection, see Dkt. [50] at 11, the Report was correct to conclude that the amended complaint was not signed by Plaintiff. See Dkt. [28] at 12.

Nor, as the Report pointed out, may Plaintiff deny his criminal activities of possessing drugs and resisting arrest because he is collaterally estopped from doing so. Dkt. [50] at 6 ("Plaintiff was in no way involved in any criminal activity.").

To the extent that Plaintiff makes any other objections not specifically addressed herein, they are found to be without merit.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation and objections, the following order is entered:

**AND NOW**, this 5th day of March, 2008;

**IT IS HEREBY ORDERED** that summary judgment is **GRANTED** as to all Defendants as to all claims.

**IT IS FURTHER ORDERED** that the Report and Recommendation, Dkt. [48], is adopted as the opinion of the court.

BY THE COURT:

s/ Terrence F. McVerry
United States District Judge


cc:	The Honorable Amy Reynolds Hay
	United States Magistrate Judge


	Theodore Grier
	CN-3619
	SCI Pine Grove
	191 Fyock Road
	Indiana, PA 15701

	All counsel of record via CM-ECF